Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
25108 Marguerite pkwy, Ste A
Mission Viejo, CA  92692
949. 859. 9200
e-mail: contact@sahelianlaw.com
Attorneys for Matthew Miersch dba Napahomes.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Courthouse

Andres Gomez,
          Plaintiff,
               vs.
Matthew Paul Miersch dba
Napahomes.Com,
          Defendant.

.

CASE NO.: 3:21cv8936

The Honorable Charles R. Breyer

**POINTS AND AUTHORITIES TO DEFENDANT'S MOTION TO DISMISS**

Hearing Date: 4/22/22
Time: 10:00 AM

# TABLE OF CONTENTS

I. BACKGROUND …………………………………………2

II. LEGAL STANDING …………………………………………3

   A. Rule 12(b)(1) …………………………………………3

   B. Article III Standing …………………………………………5

III. DISCUSSION …………………………………………6

   A. ADA Claim …………………………………………6

   B. Unruh Act Claim …………………………………...14

IV. CONCLUSION …………………………………………...17

# TABLE OF AUTHORITIES

*Gomez v. Smith* (Case Number: 3:21-cv-07154-RS, U.S. District Court, The Honorable Richard Seeborg) ...............................3, 13

*Gomez v. Gates Estates, Inc.* (Case Number: 3:21-cv-07147-WHA, The Honorable William Alsup) ..................................3, 9

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ......................................4

*Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) ……………….................4

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* 546 F.3d 981, 984-85 (9th Cir. 2008) ……………….................4

Federal Rule of Civil Procedure 12(b)(1) ……………….................4

*Tosco Corp. v. Cmtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001) ……………….................4

*Hertz Corp. v. Friend,* 559 U.S. 77 (2010) ……………….................5

*Bisson v. Bank of Am., N.A.,* 919 F. Supp. 2d 1130, 1135 (W.D. Wash. 2013) ……………….................5

*McCarthy v. United States* 850 F.2d 558, 560 (9th Cir. 1988) ......................................5

*Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092, 1098 (9th Cir. 2000) ......................................5

*Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)* ...............................5, 6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 ..................................5, 6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180–81 (2000) ......................................5

*Ariz. ex rel. Goddard v. Harkins Amusement Enters.,*
603 F.3d 666, 670 (9th Cir. 2010) .....................................7

*Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d
1104, 1114 (9th Cir. 2000) .....................................7

*Langer v. Pep Boys Manny Moe & Jack of
California,* No. 20-CV-06015-DMR, 2021 WL
148237, at *5 (N.D. Cal. Jan. 15, 2021) .................................7, 8

*Thurston v. FCA US LLC,* 2018 WL 700939, at *4
(C.D. Cal. Jan. 26, 2018) .....................................7

*Rios v. New York & Co., Inc.*, 2017 WL 5564530, *3
(C.D. Cal. 2017) .....................................7

*Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023
(N.D. Cal. 2012) .................................8, 10

*Robles v. Domino's Pizza*, LLC, 913 F.3d 898, 905
(9th Cir.), cert. denied, 140 S. Ct. 122 (2019) .....................................8

*Farr v. Hobby Lobby Stores, Inc.*, 2020 WL 3978078,
at *2 (C. D. Cal. Apr. 29, 2020) .....................................8

*Fortyune v. Am. Multi-Cinema, Inc*. F.3d 1075, 1081
(9th Cir. 2004) ……………….................8

*Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th
Cir. 2011) ……………….................8

*Accord Netflix*, 880 F. Supp. 2d at 1024 ……………….................14

*Blumhorst v. Jewish Family Services of Los Angeles*
(2005) 126 Cal.App.4th 993, 1000 [24 Cal. Rptr. 3d
474] ……………….................15

*Thurston v. Omni Hotels Management Corp.*, 69 Cal.

App. 5th 299, 309 …………………............15

*White v. Square, Inc.* (2019) 7 Cal.5th 1019, 1032 …………………......15, 16

*Gomez v. Aslan* (Case Number: 21STCV17753,
Superior Court of California, County of Los Angeles,
The Honorable Gregory Alarcon) …………………............16

## POINTS AND AUTHORITIES TO DEFENDANT'S MOTION TO DISMISS

### I. BACKGROUND

Plaintiff Andres Gomez ("Plaintiff"), a serial filer, filed suit asserting that a website operated by Defendant Matthew Paul Miersch dba Napahomes. Com (hereinafter "Defendant") violated Title III of the American Disabilities Act, 42 U.S.C. § 12181, et. seq. (the "ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq.,  (the "Unruh Act").

Plaintiff alleges that he is legally blind and cannot use a computer without the assistance of screen reader software ("SRS"). *Compl*., ¶¶ 1-4; that the Website is a nexus between Defendant's customers and the terrestrial based privileges, goods or services offered by Defendant, ¶ 13 ; that Defendant offers websites and digital booking as some of the facilities, privileges, and advantages offered by Defendants to patrons in connection with their patronage, ¶ 14; that Plaintiff was a prospective customer who wished to access Defendant's services, ¶ 16, and that Plaintiff visited the Website in March 2021 and July 2021 with the intent get information about houses on sale in Northern California. ¶ 17; that when Plaintiff attempted to navigate the Website, Plaintiff encountered numerous accessibility design faults that

prevented him from navigating the site successfully using SRS, ¶ 18; and lastly that Plaintiff has been deterred from returning to the Website as a result of these prior experiences, ¶ 24.

Plaintiff Andres Gomez has filed a series of complaints against real estate agents / brokers operating in Napa. See Counsel's Declaration. The complaints are essentially carbon copies of each other, *Id*, ¶ 4. They each allege, in essence, that he was unable to navigate an agent's website, and was, as a result, prevented from using his/her services. This attorney represents nine  agents / brokers sued by Mr. Gomez individually. The Northern District recently dismissed two of the nine cases, *Gomez v. Smith* (Case Number: 3:21-cv-07154-RS, U.S. District Court, The Honorable Richard Seeborg), and *Gomez v. Gates Estates, Inc.* (Case Number: 3:21-cv-07147-WHA, The Honorable William Alsup), on arguments identical to the ones presented below.

Counsel have met and conferred over these issues, and are at an impasse. See Declaration of counsel, ¶ 3.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide,* Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better*

1
2
3

*Env't*, 236 F.3d 495, 499 (9th Cir. 2001)  overruled on other grounds by

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

4
5
6
7

"In deciding a motion to dismiss for lack of standing, the court can look

beyond the pleadings to affidavits and other testimony in order to resolve

factual disputes related to  jurisdiction." *Bisson v. Bank of Am., N.A.*, 919 F.

8
9
10

Supp. 2d 1130, 1135 (W.D. Wash. 2013)  (citing *McCarthy v. United States*,

850 F.2d 558, 560 (9th Cir.1988)).

11
12

**B. Article III Standing**

13
14

Article III standing is a jurisdictional requirement, and therefore

appropriate subject of a 12(b)(1) motion. *See Cole v. Oroville Union High*

15
16

*Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir.2000) (standing is a jurisdictional

17

issue deriving from the "case or controversy" requirement of Article III of

18
19

the United States Constitution). To have Article III standing, a plaintiff must

20

"have (1) suffered an injury in fact, (2) that is fairly traceable to the

21
22

challenged conduct of the defendant, and (3) that is likely to be redressed by

23

a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

24
25
26

(2016)  (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); then

citing *Friends of the  Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167,

27
28

**1**
**2**
**3**
**4**
**5**
**6**
**7**
**8**
**9**
**10**

180–81 (2000)). To establish an injury in fact, a plaintiff must show that she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or  hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). An injury is "particularized" only if the wrongdoing actually "affect[s] the plaintiff in a personal and individual way." *Id.* Moreover, an injury does not satisfy the "concrete" requisite unless it is "*de facto*; that is, it must actually exist." *Id.* It

**11**
**12**
**13**

is a plaintiff's obligation to "clearly allege facts demonstrating" he has an injury-in-fact that is "concrete and particularized." *Id*. at 1547.

**14**

### III. <u>DISCUSSION</u>

**15**
**16**
**17**

The Complaint must be dismissed because (1) Plaintiff lacks standing to assert a claim under the ADA, and because (2) the Unruh Act claim falls

**18**
**19**

with the ADA claim.

**20**

**A. ADA Claim**

**21**
**22**

Plaintiff has failed to plead an injury-in-fact under the ADA and therefore

**23**

lacks standing. Additionally, Plaintiff lacks standing because he cannot plead

**24**
**25**

deterrence, or an intent to return to any place of public accommodation.

**26**

To prevail on a Title III ADA claim, a plaintiff must prove that: "(1) he is

**27**
**28**

disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied a public accommodation by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir.2010). In short, to plead an injury-in-fact under the ADA, a plaintiff must allege that he encountered accessibility barriers at a *place of public accommodation* owned or operated by the defendant.

The Ninth Circuit has held that a "place of public accommodation," under the ADA, is limited to "an actual physical place." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir.2000). "On their own, websites are not places of public accommodation." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20- CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021). Applying *Weyer*, "courts in this District have concluded that 'a plaintiff may challenge the online services provided by a brick-and-mortar store,' only if there is a 'nexus between the online services and the physical place.'" *Thurston v. FCA US LLC*, 2018 WL 700939, at *4 (C.D. Cal. Jan. 26, 2018) (citing *Rios v. New York & Co., Inc.*, 2017 WL 5564530, *3 (C.D. Cal. 2017)). An online video streaming service,

like Netflix, is not a place of public accommodation. *Cullen v. Netflix, Inc*., 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012). By contrast, "a website violates the ADA where it does not provide auxiliary aids to order products for delivery," *Pep Boys*, 2021 WL 148237, at *5 (citing *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir.), cert. denied, 140 S. Ct. 122 (2019), or "where the web-based barriers prevent the plaintiff from locating [defendant's] physical store[.]" *Id.* (citing *Farr v. Hobby Lobby Stores, Inc*., 2020 WL 3978078, at *2 (C.D. Cal. Apr. 29, 2020)).

Further, to establish standing for injunctive relief, which is the only remedy available under the ADA, a plaintiff must demonstrate a "real and immediate threat of repeated injury." *See Fortyune v. Am. Multi-Cinema, Inc*., 364 F.3d 1075, 1081 (9th Cir. 2004)). In the ADA context, a plaintiff must demonstrate either deterrence, or injury-in fact coupled with an intent to return to the noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 944 (9th Cir. 2011).

Here, Plaintiff has not pleaded that he was prevented from accessing any physical location, or from ordering any products, or services, as a result of the alleged barriers on Defendant's Website. The Complaint asserts that

when Plaintiff attempted to navigate the Website, Plaintiff encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS, ¶ 18. Nowhere does the Complaint state that Plaintiff *needed* to navigate the Website in order to avail himself of Defendant's services.

**In short, Plaintiff has not pleaded any nexus between Defendant's alleged failure to provide a readable Website using SRS, and his ability to access a physical location, or take advantage of Defendant's services. Thus, he has failed to plead that he suffered an injury cognizable under the ADA. For the same reasons, Plaintiff has also necessarily failed to plead that he was "deterred" from using Defendant's services, or that he "intends to return" to any physical location.**

Because Plaintiff cannot plead a nexus between the alleged web-based barriers and a physical location, the Court should determine that leave to amend is inappropriate, despite Rule 15's liberal amendment policy; and that any attempt to amend the complaint would risk counsel Rule 11 sanctions.

**1. Gomez v. Gates Estates**

*Gomez v. Gates Estates, Inc.,* (Case Number: 3:21-cv-07147-SK, U.S. District Court, Northern District of California (San Francisco), The

1

2

3

4

Honorable William Alsup) is an identical case. On February 14, 2022, following a hearing of Defendant's Motion to Dismiss, the Court ordered (Dkt 33) as follows:

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

"By Monday, February 14 at noon, plaintiff may file a stipulation that the basis for his standing to bring this lawsuit is that he is a "tester" solely for defendant's website. That is, that plaintiff only desires to use defendant's website; that plaintiff has no intent or desire to avail himself of, and that he has not been deterred from availing himself of, the services of defendant's physical office, as a "tester" or otherwise. If plaintiff files a clear-cut stipulation so stating, the motion to dismiss will be granted on that question of law and plaintiff may appeal."

20

21

22

On February 14, 2022 Andres Gomez filed a declaration (Dkt 34), the relevant part of which stated:

23

24

25

26

**"5. *It is unlikely that I would purchase a home in the near-term from one of the listings offered by the Defendant* in this case, however there is value to me in**

27

28

**POINTS AND AUTHORITIES TO MOTION TO DISMISS [FRCP 12(b)1]**
**Page 10 -**

**consuming the information provided in real estate listings regardless of any specific plans to purchase those listings....**

10. ***Window shopping and dreaming about real estate is a hobby of mine.*** I occasionally buy lottery tickets and dream of buying homes in expensive areas such as the Napa Valley area. I do not believe that my ability or inability to currently purchase property should result in my exclusion from the privilege of viewing listings that are publicly listed on the site." (emphasis added).

On February 15, 2022 the Court GRANTED Defendant's Motion to Dismiss (Dkt 36), ruling in relevant part:

"[I]n our circuit, Title III applies to a website only if the website "facilitates access to the goods and services of a place of public accommodation," or, put differently, if the inaccessibility of the website "impedes access to the goods and services" of the physical location. Ibid. (emphasis added). Therefore, because a website is neither a public accommodation, nor a service of a public accommodation

under Robles, plaintiff must allege and prove that the inaccessibility of the website has deterred him from using the services of the physical location.

**Here, as merely a dreamer and window-shopper, plaintiff has affirmatively disclaimed any intention of "engag[ing] the services of the business" (Dkt. No. 34 at 1.) Plaintiff wants to look up houses for sale in Napa on defendant's website, but, under Robles, the ADA does not protect his general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services.** Instead, the ADA protects plaintiff's interest in using the website only if its inaccessibility impedes his access to the services of defendant's physical office. Since plaintiff has no intent or desire to use such services, the inaccessibility of the website has not impeded his access to them and, therefore, he has not suffered an injury under the ADA." (emphasis added).

The Court dismissed the case.

**POINTS AND AUTHORITIES TO MOTION TO DISMISS [FRCP 12(b)1]**
**Page 12 -**

**2. Gomez v. Smith**

*Gomez v. Smith,* (Case Number: 3:21-cv-07154-JCS, U.S. District Court, Northern District of California (San Francisco) The Honorable Richard Seeborg) is another identical case. On January 12, 2022 the Court filed an Order GRANTING Defendant's Motion to Dismiss (Dkt 23), ruling in relevant part:

> "the Ninth Circuit requires a nexus between the plaintiff's visit to the website and a place of public accommodation, not just any physical location. See Robles, 913 F.3d at 905. Gomez has offered conclusory statements in his complaint, stating that "[t]he Website is a nexus between Real Estate's customers and the terrestrial based privileges, goods or services offered by Real Estate" and that "Real Estate operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments." Complaint ¶¶ 12-13. **Gomez, though, has failed in his complaint to describe what that nexus is or even what the relevant physical place of public**

1
2
3
4
5
6
7
8
9
10

**accommodation is, and thus has failed to plead an injury under the ADA. As Gomez cannot establish an injury under the ADA, he lacks standing, and the motion to dismiss under Rule 12(b)(1) is granted."** (emphasis added).

**B. Unruh Act Claim**

Plaintiff's Unruh Act claim is predicated on Defendant's alleged ADA violation. (Compl. ¶¶ 43-47). Ordinarily, a court would not reach a plaintiff's state-law claim when the status of the pleadings on the sole federal claim in the action is uncertain. Here, however, Plaintiff fails to plead an ADA violation, and the Court should find that Plaintiff's Unruh Act claim necessarily fails. *Accord Netflix*, 880 F. Supp. 2d at 1024.

Beyond the pleading stage, if a plaintiff wants to prevail on an Unruh Civil Rights Act claim, he must present sufficient evidence to overcome a defendant's argument that he did not actually possess a bona fide intent to use its services. "[w]e do not agree that an Unruh Civil Rights Act claimant's intent or motivation for visiting the covered public accommodation is

1   irrelevant to a determination of the merits of his or her claim. Thurston's

2   argument conflates standing requirements with the merits of her claim. "A

3   litigant's standing to sue is a threshold issue to be resolved before the matter

4   can be reached on the merits." (*Blumhorst v. Jewish Family Services of Los*

5   *Angeles* (2005) 126 Cal.App.4th 993, 1000 [24 Cal. Rptr. 3d 474].) Here,

6   Thurston had standing to assert an Unruh Civil Rights Act claim against

7   Omni. What was unclear was whether her factual allegations could overcome

8   Omni's assertion that **she did "not actually possess a bona fide intent ... to**

9   **use its services."** (*White v. Square, Inc. (2019) 7 Cal.5th 1019, 1032*, italics

10  added.) Following *White*, the trial court instructed the jurors to make this

11  determination, and they concluded she could not. Consistent with our

12  Supreme Court's guidance on this issue, such conclusion was proper."

13  *Thurston v. Omni Hotels Management Corp.*, 69 Cal. App. 5th 299, 309.

14  (Emphasis added).

15     "An individual bringing an Unruh Civil Rights Act (Civ. Code, § 51 et

16  seq.) claim against an online business must allege, for purposes of standing,

17  that he or she visited the business's website, encountered discriminatory

18  terms, and intended to make use of the business's services. These

1
2
3
4

requirements are sufficient **to limit standing under the Unruh Civil Rights**

**Act to persons with a concrete and actual interest that is not merely**

**hypothetical or conjectural..**" *White*, 1032. (Emphasis added).

5
6
7
8
9
10
11

This attorney has deposed Plaintiff Andres Gomez in an unrelated case

(*Gomez v. Aslan*, Case Number: 21STCV17753, Superior Court of

California, County of Los Angeles, The Honorable Gregory Alarcon).

Declaration of counsel, ¶ 5, in which Gomez testified that he is domiciled in

Florida. *Id*, ¶ 7.

12
13
14
15
16
17
18
19
20

To qualify for a house in Napa, an average customer would need to have

an annual income of $150,000 or more. If Plaintiff has been unemployed for

a decade or more, he will not qualify. In addition, when an agent is first

contacted by a customer to discuss properties, the customer must disclose

whether he or she is paying cash or financing. In either case, proof of funds

is required before Defendant confirms an appointments.

21
22
23
24
25
26

On July 9, 2021, Plaintiff testified at his deposition in another matter that

he has been unemployed for a decade or more, and that he receives Social

Security Disability payments. See Declaration of counsel, ¶ 6, referring to

Plaintiff's deposition testimony. Plaintiff could not plausibly qualify for a

27
28

loan to purchase property in Napa.

## IV. CONCLUSION

For all the foregoing reasons, this Court should grant Defendant's Motion to Dismiss *with prejudice,* as there is no possibility of curing the complaint.

Respectfully submitted: 3/21/2022

SAHELIAN LAW OFFICES

Ara Sahelian, Esq.