IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW PAUL MIERSCH,<br><br>    Defendant. | Case No. 21-cv-08936-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Plaintiff Andres Gomez, who is legally blind, alleges that Defendant Matthew Paul Miersch violated the Americans with Disabilities Act (ADA) because his website Napahomes.Com is not accessible to the visually impaired. Miersch moves to dismiss for lack of jurisdiction. Mot. (dkt. 15-1). The Court GRANTS the motion.

## I.    BACKGROUND

    Gomez is legally blind and must use "screen reader software" (SRS) to read internet content on computers. Compl. ¶¶ 1, 10-11. He is "a tester in this litigation." Id. ¶ 17. He resides in Florida. See Sahelian Decl. ¶ 7 & Ex A (dkts. 15-2, 15-3).

    Defendant Matthew Paul Miersch owns or operates Napahomes.Com, with a root domain of: http://www.napahomes.com/. Compl. ¶¶ 2-4. Napahomes.Com also "operates privileges, goods or services out of a physical location in California." Id. ¶ 12. Gomez alleges that the website is "a nexus between Napahomes.Com customers and the terrestrial based privileges, goods or services offered by Napahomes.Com." Id. ¶ 13.

    Gomez alleges that he "visited [Napahomes.Com] in March and July 2021 in search of a house since he was considering purchasing a home in the Northern California area." Id. ¶ 17. Gomez encountered barriers such as images and form elements without a text

1    equivalent readable by SRS.  Id. ¶ 18(a)-(d).  "If the website had been constructed equally
2    accessible to all individuals, [Gomez] would have been able to navigate the Website and
3    purchase or rent a house."  Id. ¶ 26.  He alleges that these accessibility barriers violate the
4    ADA and California's Unruh Act.  Id. at 7-8.
5         Miersch moves to dismiss, arguing that this Court lacks jurisdiction because Gomez
6    did not suffer any cognizable injury under the ADA or any other federal law.  See Mot.

## II.   LEGAL STANDARD

A federal court only has subject matter jurisdiction if the plaintiff has Article III standing.  See Spokeo, Inc. v. Robins, 578 U.S. 330, 337-38 (2016).  To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Id. at 338.  A plaintiff may establish standing under Title III of the ADA "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011).  For a website to cause cognizable injury under the ADA, there must be a "nexus" between the website and a physical place of public accommodation.  Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019).  "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim."  Langer v. Pep Boys Manny Moe & Jack of California, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021).

When dismissal is appropriate, courts "shall freely" give leave to amend the complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

The Court dismisses Gomez's claims for lack of jurisdiction. Because there is no "nexus" between the website barriers on Napahomes.com and the physical location, Gomez suffered no injury cognizable under the ADA.

#### A. Standing

The "nexus" requirement under the ADA requires a plaintiff to allege that the website deterred him from taking advantage of the physical place of accommodation. In Robles, a blind plaintiff alleged that Domino's Pizza violated the ADA by failing to design its website and mobile app to be compatible with his screen-reading software. 913 F.3d at 898. The Ninth Circuit held that there was a "nexus" between Domino's website and a physical location because "[c]ustomers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup." Id. at 905.

Following Robles, district courts have found the "nexus" requirement met only when a website's "inaccessibility impedes [the plaintiff's] access to the services of defendant's physical office." Gomez v. Gates Ests., Inc., 2022 WL 458465, at *4 (N.D. Cal. Feb. 15, 2022); see Williams v. Amazon.com Inc., 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) (asking whether defendant was "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); Haggar v. Ashley Furniture Indus., Inc., 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) (similar).

But there is no "nexus" where the plaintiff is merely curious about the business. See Gomez v. Smith, 2022 WL 117763, at *3 (N.D. Cal. Jan. 12, 2022) (no nexus because the plaintiff did not allege any "relevant physical place of public accommodation" he intended to visit); Langer, 2021 WL 148237, at *6 (no nexus because the plaintiff neither "allege[d] that he intended to visit a Pep Boys' location and could not because the website was inaccessible," nor "represent[ed] that he was trying to use the website to order goods or services from Pep Boys' physical location"); Thurston v. FCA US LLC, 2018 WL 700939, at *3 (C.D. Cal. Jan. 26, 2018) (no nexus because the plaintiff "does not allege

3

that she was unable to locate a dealership," that she was unable to access the help phone number, or "that she actually intended to visit a dealership").

Gomez has not pleaded any specific facts suggesting a nexus between the alleged barriers at Napahomes.com and a physical place of accommodation. For Gomez to have cognizable injury, the website must have prevented him from locating (and taking advantage of) a physical place of accommodation, even as the website provides this information to those who are not visually impaired. Cf. Robles, 913 F.3d at 905. Gomez is a "tester" who lives in Florida but is generally "considering purchasing a home in the Northern California area," for which he wanted to visit the Napahomes.Com website. Compl. ¶ 17. He has not specifically pleaded that there is a physical place of accommodation associated with Napahomes.Com that he intended to visit, nor has he pleaded that the website prevented him from visiting that location. Because Gomez is far from pleading a "nexus" between any purported website inaccessibility and a place of accommodation, he lacks standing for his ADA claim.

### B.     Unruh Act

The Court also dismisses the claim under California's Unruh Act. The only basis for jurisdiction is supplemental jurisdiction, and it is discretionary. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997). "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020) (citations omitted). The Court declines to exercise supplemental jurisdiction over the Unruh Act claim in this case because "it would not further the interest of judicial economy, convenience, fairness and comity." Id. (citation omitted).

### C.     Leave to Amend

Although the Court suspects that amendment of this complaint would be futile, see Leadsinger, 512 F.3d at 532, the Court will permit one amended complaint. However, the Court notes that serious questions have been raised about the veracity of jurisdictional allegations in complaints filed by this law firm. See Complaint, People of the State of

California v. Potter Handy LLP, No. CGC-22-599079 (Cal. Super. Ct. 2022), 2022 WL 1102496. The Court therefore orders that the complaint be accompanied by separate declarations by Gomez and Gomez's counsel, sworn under penalty of perjury, that substantiate the allegations in the complaint.

IV.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss with leave to amend. The amended complaint and attached declarations must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: April 28, 2022



CHARLES R. BREYER
United States District Judge